UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BELINDA WHITE,

        Plaintiff,

v.

DETROIT MEDICAL CENTER, and PATRICIA WILLIAMS,

        Defendants.

_____/

Case No. 15-13829

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

Pending before the court is Defendant Detroit Medical Center's ("DMC") motion seeking reconsideration of this court's order that dismissed all Plaintiff's claims except under the Family Medical Leave Act ("FMLA"). (Dkt. #13.) Plaintiff filed a court-directed response (Dkt. #18) and Defendant a reply. (Dkt. #20.) No hearing is necessary. *See* E.D. Mich. LR 7.1(f)(1). The court will deny Defendant's motion for reconsideration.

**I. BACKGROUND**

The underlying facts of this case have been recited in detail in a prior order, familiarity with which is presumed. (Dkt. #10.) In that order the court dismissed claims because Plaintiff had contracted with DMC to a shortened statute of limitations but failed to file her suit before that shortened term expired. That conclusion was not available in the FMLA claim, however, because the *Lewis* line of Eastern District of Michigan cases, which the court followed, holds that such contractual reductions do not apply to the limitations period of the FMLA. In particular these cases inferred from language

contained in 29 C.F.R. § 825.220(a)&(d) prohibiting employers from "interfering" with the exercise of rights under the FMLA, that an exception existed for FMLA claims to the general rule favoring freedom of contract and the concomitant enforcement of contractually shortened limitations periods.

DMC now argues that the court should reconsider this determination because its opinion committed palpable error by failing to address two dispositive arguments that it had raised in its briefs. First, that the statutory limitations period is a *procedural* right, and § 825.220 is properly interpreted as protecting the enforcement of *substantive* rights. Second, that controlling Supreme Court precedent issued subsequent to the *Lewis* line of cases holds that courts must enforce contractual provisions shortening a statute of limitations unless Congress has indicated within a pertinent statutory text that such limitations are unenforceable, or the shortened period is unreasonable or utterly divests the complaining party of all procedural rights so as to make the enforcement of substantive rights impossible. *See Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 134 S. Ct. 604, 611, 187 L. Ed. 2d 529 (2013). Though the Sixth Circuit has not explicitly ruled on whether the FMLA contains such a restriction, DMC advocates for the extension of the conclusion reached in *Oswald v. BAE Indus., Inc.*, interpreting similar statutory language in a different act and concluding that no bar to enforcement existed. 483 F. App'x 30, 31 (6th Cir. 2012). DMC also cites to Sixth Circuit case law holding that

2

limitations periods matching the one in this case are reasonable, and argues that no reason exists to think that the provision totally divested the Plaintiff of her procedural rights to seek enforcement of her substantive FMLA rights.

In her response, Plaintiff argues that Defendant's first line of attack merely recites a contention advanced in the previous briefing and explicitly rejected in this court's earlier opinion. She also encourages the court to view the Supreme Court cases as limited to their facts, especially in light of the precedent of the *Lewis* line of cases. Defendant's reply essentially restates its primary arguments in further detail.

## II. STANDARD

Subject to the court's discretion, a motion for reconsideration shall be granted only if the movant "demonstrate[s] a palpable defect by which the court and the parties . . . have been misled" and "show[s] that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest or plain.'" *Buchanan v. Metz*, 6 F. Supp. 3d 730, 752 (E.D. Mich. 2014) (quoting *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004)). The court "will not grant motions for . . . reconsideration that merely present the same issues ruled upon by the court." E.D. Mich. L.R. 7.1(h)(3).

## III. DISCUSSION

### A. Substantive or Procedural Rights

Even assuming *arguendo* that the court's opinion failed to address the distinction between substantive and procedural rights, and thus contains a palpable defect, the defect did not alter the ultimate determination, because Defendant's first argument fails on its merits. The argument, though superficially attractive, overstates the sharpness of the distinction in FMLA cases. The line greys in the realm of employment law, where protections to the employees' ability to exercise their substantive rights are memorialized as they are in § 825.220. "It is both unwise and incorrect to divorce procedural from substantive rights in employee rights cases." *Al-Anazi v. Bill Thompson Transp.*, Inc., No. 15-12928, 2016 WL 3611886, at *7 (E.D. Mich. July 6, 2016) (Levy, J.) (construing Truth in Leasing regulations analogously to the FMLA and Fair Labor Standards Act ("FLSA") by declining to enforce contractually shortened limitations periods and stating that "deference should be paid to Congress when it has specifically created 'the right to enforce these privileges in court[]'").

The court in *Wineman v. Durkee Lakes Hunting & Fishing Club, Inc.*, addressed the same question with respect to the FLSA and found that Supreme Court precedent supported a view that "in light of the public policy implications" in employment cases, the division between substantive and procedural rights was a "distinction without a difference." 352 F. Supp. 2d 815, 822 (E.D. Mich. 2005) (Lawson, J.) (citing *Barrentine v. Arkansas-Best Freight Sys. Inc.*, 450 U.S. 728, 101 S.Ct. 1437, 67 L.Ed.2d 641

4

(1981)). That opinion went on to cite favorably *Lewis v. Harper Hosp.*, 241 F.Supp.2d 769 (2002), the progenitor of the *Lewis* line of cases, and to conclude that a reduction to the length of the limitations period impermissibly "constitutes a compromise of the employees' rights[,]" even though the FLSA lacked an interpretive regulation as explicit as § 825.220. *Id.* at 823.

Defendant cites to no contrary law holding that this distinction between the procedural and substantive rights of employees operates to the suggested effect in FMLA cases.

### B. Whether the *Lewis* Line of Cases is Contrary to Controlling Precedent

Defendant contends that the *Lewis* line of cases interpreting § 825.220 as a bar to the contractual shortening of the limitations period in FMLA cases is inconsistent with seventy years of Supreme Court precedent:

> [I]t is well established that, in the absence of a controlling statute to the contrary, a provision in a contract may validly limit, between the parties, the time for bringing an action on such contract to a period less than that prescribed in the general statute of limitations, provided that the shorter period itself shall be a reasonable period.

*Order of United Commercial Travelers of America v. Wolfe*, 331 U.S. 586, 608, 67 S. Ct. 1355, 1365, 91 L. Ed. 1687 (1947). This rule was further developed in 2013 when the Court concluded that:

> Absent a controlling statute to the contrary, a participant and a[n ERISA] plan

5

  may agree by contract to a particular limitations period, even one that starts to
  run before the cause of action accrues, as long as the period is reasonable.

*Heimeshoff*, 134 S. Ct. at 610.

  Because § 825.220 is a regulation and not a statute, the argument goes, it alone cannot justify a departure from the contractually shortened limitations period. But this argument casts the quoted language too narrowly. In discussing whether any "controlling statute to the contrary" existed, the Court noted that the employee had failed to "claim that ERISA's *text or regulations* contradict the Plan's limitations provision." *Id.* at 613 (emphasis added). That is notably unlike the situation here. After all, § 825.220 is a regulation interpreting the FMLA. 29 C.F.R. § 825.220(a) ("The FMLA prohibits interference with an employee's rights under the law, and with legal proceedings or inquiries relating to an employee's rights.").

  *Heimeshoff* does not stand for the proposition that courts must mechanically apply only the text of the applicable statute in conducting the analysis. For instance, the Court relied on safeguards contained within the regulations to conclude that the limitations were not inconsistent with ERISA as a whole. *See Heimeshoff*, 134 S. Ct. at 615-16 ("Finally, in addition to those traditional remedies, plans that offer appeals or dispute resolution beyond what is contemplated in the internal review regulations must agree to toll the limitations provision during that time. 29 C.F.R. § 2560.503-1(c)(3)(ii).

6

Thus, we are not persuaded that the Plan's limitations provision is inconsistent with ERISA.").

The characterization of the *Lewis* line of cases as an aberration corrected in *Heimeshoff* is also inaccurate. Three years after *Heimeshoff* was decided, another district court within this Circuit applied the rule from *Wolfe* to determine once again that a contractual reduction to the limitations period was unenforceable in light of § 825.220. *See Pardue v. Convergys Customer Mgmt. Grp., Inc.*, No. 16-00020, 2016 WL 8739350, at *3 (E.D. Tenn. July 25, 2016) ("Because of the accompanying regulation's prohibition, this Court finds that parties cannot shorten the length of time available to bring a suit under the FMLA via contract."). The court there chose to adopt the *Lewis* line of cases over the competing *Badgett* suite just as this court did in its prior order. *Id.* This court does not view the *Lewis* line of cases as inconsistent with the rule of *Wolfe* and *Heimeshoff*.

Defendant also argues that even if the court uses § 825.220 to inform its view of the contents of the "controlling statute," it should not interpret the text of that provision as restricting the freedom to contract. In *Oswald v. BAE Indus., Inc.* (which first appears in this case in a footnote in Defendant's reconsideration briefing), this court held that the provision of the Uniformed Services Employment and Reemployment Rights Act ("USERRA") declaring that state statutes of limitations did not apply to USERRA claims

7

did not bar contractual shortenings. No. 10-12660, 2010 WL 3907119, at *2 (E.D. Mich. Sept. 30, 2010), *aff'd*, 483 F. App'x 30 (6th Cir. 2012), and *aff'd*, 483 F. App'x 30 (6th Cir. 2012). The Sixth Circuit then viewed the provision limiting contractual alterations to "any right or benefit" under the act as inapplicable to the statute of limitations because the act had defined rights and benefits to include "terms, conditions, or privileges of employment[,]" which the court determined were decidedly substantive rather than procedural as a matter of precedent. *Oswald*, 483 F. App'x at 35.

      Here, however, Defendant does not identify any provision supplying such a limited definition for the concepts deemed protected within the text of § 825.220, including "any rights provided by the Act" or "an employee's rights under the law, and with legal proceedings or inquiries relating to an employee's rights." *See* 29 C.F.R. § 825.220(a). The court cannot readily locate a distinction between the procedural and substantive protections of the FMLA as the *Oswald* court inferred existed in the USERRA. Nor does Defendant identify controlling precedent supporting the same. The *Lewis* line of cases is not inconsistent with the reasoning of *Oswald* concerning a different statute.

      The conclusion that the FMLA prohibits enforcement of the contractually shortened limitations period is dispositive, so the court will not address the arguments regarding reasonableness of the period or whether it divested Plaintiff of all procedural

rights. Even if the court had addressed DMC's arguments in its opinion, it would not have reached a different conclusion.

## IV. CONCLUSION

IT IS ORDERED that DMC's Motion for Reconsideration (Dkt. #13) is DENIED.

                                           s/Robert H. Cleland  
                                           ROBERT H. CLELAND  
                                           UNITED STATES DISTRICT JUDGE

Dated: August 9, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 9, 2017, by electronic and/or ordinary mail.

                                           s/Julie Owens  
                                           Acting in the absence of Lisa Wagner  
                                           Case Manager and Deputy Clerk